UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Darmer,  Case No. 17-cv-4309-JRT-KMM

    Plaintiff,

vs.  ORDER

State Farm Fire and Casualty Company,

    Defendant.

This matter is before the Court on Defendant State Farm Fire and Casualty Company's Motion to Compel Discovery, ECF No. 195, and Plaintiff Steven Darmer's Motion to Compel Discovery, Motion for Sanctions, Motion for Protective Order, and Motion to Amend the Scheduling, ECF No. 116. The Court held a hearing on these motions on October 3, 2018, and provided a number of rulings during that hearing. This Order memorializes those rulings.

### Plaintiff's Motion

Mr. Darmer's motion is **GRANTED IN PART** and **DENIED IN PART**. First, his request for a spoliation-like sanction is **DENIED**. The request is premature because there has not yet been any showing that there is any information that State Farm failed to preserve. There is no basis to enter an order for sanctions where the request is contingent upon sheer speculation that some misconduct occurred and that relevant information has been destroyed.

Mr. Darmer's motion to compel is **GRANTED** to the extent it seeks a draft of a letter discussed in email communication between Jene Jenkins-Jones and Tom Finney because Mr. Darmer has articulated a viable reason why such a

1

draft may be relevant to the claims and defenses in this case. This communication is found at Ex. QQ to the Beckmann Declaration. ECF No. 169.

Mr. Darmer's motion to compel is **DENIED** with respect to his request for all other unproduced drafts and attachments. To the extent that Mr. Darmer can articulate a basis for believing that attachments or drafts of other specific communications are relevant to his claims, the parties are required to meet and confer on those issues to determine whether a compromise can be reached. This includes any drafts of documents referenced in Mr. Beckmann's June 26, 2018 letter to Mr. Williams and the list attached to that letter, which is found at Ex. G to the Beckmann Declaration. ECF No. 133. However, in the absence of a specific indication of relevance, the motion is denied.

Mr. Darmer's request for removal of certain redactions is **GRANTED IN PART**. Mr. Williams confirmed that several redactions in question are based on attorney-client privilege and agreed to removing a redaction of insurance reserve information concerning Mr. Darmer's claim. Based on counsel's reasonable agreement early on in this case that completion of a detailed privilege log was not required, the Court will not now require such an undertaking. Additionally, Mr. Beckmann advised that he will ask his client whether it would be acceptable for State Farm to provide certain information that State Farm redacted for concerns over employee safety under an Attorney's-Eyes-Only designation.

Mr. Darmer's motion is **GRANTED IN PART** and **DENIED IN PART** with respect to his requests for certain personnel records. The motion is **DENIED** to the extent that Mr. Darmer seeks information from the personnel records of Ryan Rud, Tom Finney, and Judd Stoltenburg. Mr. Darmer's motion is **GRANTED IN PART** to the extent it seeks information from Ms. Jenkins-Jones personnel file. Specifically, this production is limited to a period of 2 years preceding the fire and 1 year after the fire. This Order does not require production of the entire personnel file for Ms. Jenkins-Jones, and State Farm may limit its

production to documents reflecting performance evaluations, training materials, supervisor reviews, and the like.

The Court is holding in abeyance Mr. Darmer's request for modification of the scheduling order pending resolution of the motion to amend the complaint to add a claim for bad-faith denial of insurance benefits.

### Defendant's Motion

State Farm's motion to compel is **GRANTED IN PART** and **DENIED IN PART**. State Farm's motion to compel is **DENIED** to the extent it seeks on order requiring Mr. Darmer to bates-label all of the documents contained in the two flash drives he produced during discovery.

State Farm's motion is otherwise **GRANTED**. Mr. Darmer's production of documents in this case involved a massive dump of data with little or no effort to ensure that the information provided to State Farm was responsive to State Farm's requests. Mr. Darmer must make reasonable efforts to improve the state of his document production. Mr. Darmer must review the documents produced to identify which documents are relevant and responsive to which of State Farm's document requests. Mr. Darmer must make reasonable efforts to remove documents from his production that have no relevance to this litigation. He must also reasonably review the relevant documents in his production and determine which of those documents may properly be designated as confidential. Finally, although Bates numbers are not required, the documents must be in some clear order so that the above requirements can be accomplished. Counsel for the parties will meet and confer to discuss categories of documents that they agree should justifiably be designated as confidential.

### Additional Matters

During the October 3, 2018 hearing on the motions to compel and for other relief, State Farm's counsel represented at the hearing that with minimal exceptions it did not withhold production of documents based on the fact no

bad-faith-denial-of-benefits claim had yet been added to the litigation. The Court advised the parties that, if the Court grants the motion to amend to add a bad-faith claim, a very brief extension of the schedule will occur to permit narrowly tailored discovery on the issue of bad faith. In the meantime, considering Mr. Williams's representation and to ensure the litigation proceeds on schedule, the Court Ordered that Mr. Darmer could serve 5 additional document requests and 5 additional interrogatories relating to the putative bad-faith claim. At the hearing, Mr. Beckmann did not articulate a basis for the Court to determine that the earlier depositions in this matter would need to be reopened even if the bad-faith claim is permitted. At this time, no additional depositions[1] will be allowed absent leave of the Court.

**IT IS SO ORDERED**

Date: October 5, 2018                               *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States Magistrate Judge

---

[1] This does not apply to the previously planned depositions that the parties are attempting to complete during the month of October, including the four expert depositions and the deposition of Mr. Darmer, which were discussed during the hearing.