UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Darmer,    Case No. 17-cv-4309-JRT-KMM

          Plaintiff,

vs.    ORDER

State Farm Fire and Casualty
Company,

          Defendant.

This matter is before the Court on Steven Darmer's Second Motion to Compel Discovery and Motion for Sanctions. [Pl.'s Mot., ECF No. 239.] In the weeks preceding the filing of this motion, the Court discussed the nature of the parties' disagreements regarding discovery during a telephonic hearing. [*See* Mins. of Hr'g (May 16, 2019), ECF No. 232.] At that time, the Defendant, State Farm Fire and Casualty Company, was contemplating bringing its own motion for sanctions against Mr. Darmer relating to his failure to disclose certain information during discovery. Based on previous conduct in the litigation, the Court cautioned plaintiff's counsel, Edward Beckmann, that it would not look favorably upon any reciprocal motion to compel or for sanctions that appeared designed to create a false sense of equivalence.[1]

### *Denial of Plaintiff's Combined Motion*

Mr. Darmer's combined motion to compel and for sanctions followed, asserting that: (1) State Farm failed to produce "operation guides" for evaluating

---

[1] *See* Tr. of Hr'g ("June 11 Tr.") at 16–17 ("When we all spoke on the phone, I really communicated to the parties that I didn't want to see a motion from either side that was designed to be a prophylactic motion to create an appearance of par[it]y.."), ECF No. 269.

1

an insurance claim; (2) that he was entitled to receive "SEPs," or standard procedures for processing an insurance claim, which were referenced during the deposition of former State Farm employee, Nicole Willmore; and (3) that drafts of letters to Mr. Darmer were not produced in advance of the depositions of two witnesses. In response to the motion, State Farm showed that Mr. Darmer's motion lacked merit in all respects.

On June 11, 2019, the Court held a hearing on State Farm's motion for sanctions and on Mr. Darmer's combined motion. The Court denied Mr. Darmer's motion from the bench. [Mins. of Hr'g (June 11, 2019), ECF No. 267; June 11 Tr. at 15.] The Court agreed in almost all respects with State Farm's position regarding Mr. Darmer's discovery complaints. First, nothing in the record suggested that the requested operations guides were relevant to any of the claims or defenses in the litigation, and Mr. Darmer's only suggestion otherwise was that they were referenced in other documents that were produced. Second, Ms. Willmore's deposition testimony revealed that she lacked the authority to make decisions concerning Mr. Darmer's contents claim, that she did not independently verify the accuracy of any contents information supplied by Mr. Darmer, and that the SEPs had no bearing on the claims in the litigation.[2] Third, with respect to the allegedly late production of draft letters, State Farm offered to produce several drafts as early as February of 2019, but it sought confirmation that such a production would put an end to the dispute on that issue. However, Mr. Beckmann repeatedly failed to respond to requests from defense counsel that the matter would be considered closed if State Farm produced the drafts for several months, rending the claim of untimely production misleading. Finally, the communications between counsel and the nature of Mr. Darmer's requests revealed a desire for incredibly broad discovery that had

---

[2] Moreover, Mr. Darmer had ample opportunity to explore the relevance of any SEPs to this litigation through the deposition of Ms. Willmore and, indeed, asked her several questions about her own work and the import of any SEPs. That testimony revealed that production of SEPs would be disproportionate to the needs of the case, further supporting denial of the motion to compel.

2

become a moving target and sought information that was either irrelevant or so untethered to the claims and defenses in the litigation that requiring its production would be disproportionate to the needs of the case.

Consistent with that bench ruling and the foregoing discussion, **IT IS HEREBY ORDERED THAT** Mr. Darmer's Second Motion to Compel Discovery and Motion for Sanctions **[ECF No. 239]** is **DENIED**.

*Fee Shifting*

At the June 11, 2019 hearing, the Court explained that it had the "strong impression" that Mr. Darmer's motion was an attempt to create the appearance of equivalent discovery misconduct that it cautioned the parties against during the May 16, 2019 telephone conference. [June 11 Tr. at 16–17.] The Court also instructed counsel for State Farm to provide written submissions on the issue of shifting fees under Fed. R. Civ. P. 37(a)(5). [*Id.* at 16.] State Farm submitted the Eighth Affidavit of Scott Williams to support the expenses, including attorney's fees, incurred in opposing Mr. Darmer's combined motion. [8th Williams Aff., ECF No. 271.] Between Mr. Williams and his co-counsel Lehoan Pham, State Farm incurred $8,057.00 in fees in responding to Mr. Darmer's motion. [*Id.* at ¶¶ 5–8.]

Mr. Beckmann filed a response to State Farm's request for fees, arguing that the motion to compel discovery was substantially justified. [Pl.'s Resp., ECF No. 284.] The response asserts that Mr. Darmer acted reasonably in discovery, seeking documents whose existence was revealed during deposition testimony or otherwise, consistent with the parties' practices in this case. He argues that "[t]he mere fact Darmer filed [the motion] is not sanctionable" even though the Court rejected the merits of his position. [*Id.* at 2–6.] Further, Mr. Beckmann asserts that the request for $8,057.00 is unreasonably high, reflecting more time than was necessary to respond to the motion.

Having reviewed the parties' correspondence leading up to Mr. Darmer's combined motion, the memoranda filed by the parties, and the post-hearing submissions, the Court finds that an award of State Farms expenses, including attorney's fees, incurred in responding to the motion is appropriate. Specifically, the Court is not convinced that Mr. Darmer's position was substantially justified. Mr. Darmer failed to demonstrate that the operations guides he requested in his motion to compel were even arguably relevant to the claims or proportionate to the needs of the case. He relied on a skewed and incomplete presentation of Ms. Willmore's testimony to request the SEPs, which he also failed to demonstrate were relevant to the claims at issue. And he argued that he had been prejudiced by the alleged untimely disclosure of draft letters, despite plaintiff's counsel having failed to address the issue for several months when State Farm sought a compromise position.[3]

However, the Court concludes that the full amount of fees requested by State Farm is larger than is reasonable. The Court concludes $4,000 reflects the attorney's fees reasonably incurred in responding to the motion. Accordingly, **IT IS HEREBY ORDERED THAT** Mr. Darmer, his counsel, or both shall pay State Farm its reasonable expenses, including attorney's fees, of $4,000 incurred in opposing the combined motion. Fed. R. Civ. P. 37(a)(5)(B).

---

[3] Mr. Beckmann suggests that he should not have been required to accept State Farm's proposed "deal" in February relating to the production of draft letters, because it is unreasonable to expect a party or counsel to enter an agreement regarding discovery that would foreclose the opportunity to obtain additional information later in the case if circumstances change. [*See* Pl.'s Resp. at 3, 7; June 11 Tr. at 7–13.] Even if it is reasonable for an attorney to reserve the right to revisit an issue in discovery should new information arise, the fact is that Mr. Beckmann failed to reasonably respond to defense counsel's repeated requests to accept a compromise when a response likely would have resulted receipt of the drafts much earlier. Then Mr. Darmer moved to compel additional discovery complaining that the drafts came too late. It is not substantially justified for a party to complain about circumstances he is responsible for creating.

Date: September 13, 2019                    *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge