UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Darmer,                                             Case No. 17-cv-4309-JRT-KMM

            Plaintiff,

vs.                                                    **REPORT AND RECOMMENDATION**

State Farm Fire and Casualty Company,

            Defendant.

This matter is before the Court on State Farm Fire and Casualty Company's Petition for Attorney's Fees Pursuant to the Court's Order, Dated October 28, 2019. [Fee Pet., ECF No. 322.] State Farm seeks an award of $18,515.00 in fees and $1,000.80 in costs, for a total of $19,515.80. State Farm asserts that this is a significant reduction from the fees actually incurred in connection with discovery violations committed by the plaintiff, Steven Darmer, and his counsel, Edward Beckmann. [*Id.* at 1–3.] For the reasons that follow, the Court recommends that State Farm's petition be granted.[1]

---

[1] The Court issues this decision on State Farm's fee petition as a report and recommendation because the Court determined that sanctions were appropriate not only under Rule 37(b), but also in exercise of the Court's inherent power. Where a case is ongoing and the sanction of attorney's fees is contemplated, the case law is not clear as to whether a magistrate judge has the power to order sanctions pursuant to the Court's inherent power, though after a case has closed, courts have disagreed on that authority. *Compare AF Holdings LLC v. Doe*, No. CIV. 12-1445 JNE/FLN, 2014 WL 1285757, at *3 (D. Minn. Mar. 31, 2014) (concluding that sanctions imposed by magistrate judge under inherent power after the case was closed must be reviewed de novo), *and Reddick v. White*, 456 Fed. App'x 191, 193 (4th Cir. 2011) ("Magistrate judges have no inherent Article III powers—they have only those powers vested in them by Congress. … Congress has not created statutory authorization for magistrate judges to exercise inherent Article III powers."), *with Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F. Supp. 2d 976, 985–87 (N.D. Cal. 2012) (declining to follow *Reddick* and concluding that magistrate judges may issues sanctions under their inherent power). Rather than resolve the matter in the absence of any briefing from the parties, the Court issues this decision as a recommendation, noting that any disagreements regarding the District Court's standard of review may be raised separately.

**I.     Background**

The Court's determination that Mr. Darmer and Mr. Beckmann violated a discovery order and engaged in bad faith conduct that abused the discovery process is set forth in full in the October 28, 2019 Order and Report and Recommendation ("Order and R&R"). This decision does not revisit the Court's conclusions in that written decision, and instead addresses the propriety of State Farm's specific request for an award of fees. Nevertheless, the Court summarizes its earlier conclusions here for contex. In the October 28th Order and R&R, the Court found that Mr. Darmer and Mr. Beckmann violated an October 5, 2018 discovery order in several respects. Their initial production of documents was essentially unusable and amounted to a nullity. The record demonstrated that although the initial production included nine of twelve emails between Mr. Darmer and his public adjuster, Troy Brown, that were damaging to his case, in response to the October 5th Order requiring a complete production of relevant documents, none of these Brown/Darmer emails were produced in November of 2018. In addition, Mr. Darmer's failure to disclose amended contract documents regarding the estimated cost of repairing his home violated the October 5th Order's requirement that the subsequent production needed to be full and complete. As determined in the October 28th Order and R&R, these findings justified the imposition of attorney's fees as a sanction under Rule 37(b)(2).

The Court also found that an award of attorney's fees was warranted under its inherent power for Mr. Darmer's and Mr. Beckman's abuse of the discovery process. Specifically, the Court found that "the failure to disclose the Amendment to Contract and Amended Repair Estimate until after State Farm uncovered their existence through other means and the failure to disclose any of the Brown/Darmer emails in the November 2018 production abused the discovery process and constitutes bad faith." [ECF 327 at 10.] The Court rejected Mr. Darmer's excuses for the failure to disclose the amended contract documents, finding that the circumstances supported an inference that he chose not to disclose them because they do not support his claims. [*Id.* at 11.] The Court further found that Mr. Darmer and Mr. Beckmann could not justify burying the subset of Brown/Darmer emails in their initial unusable data dump and then later excluding those emails from the November 2018 production made after the Court ordered Mr. Darmer to improve his document production. [*Id.* at 11–12.] The record demonstrated that

Mr. Beckmann failed to exercise reasonable control over the document collection and production and that any cross-references to Mr. Brown's production in the plaintiff's discovery responses did not explain the removal of the Brown/Darmer emails from the November 2018 production. [*Id.* at 12–13.]

Based on the disobedience of the October 5th discovery order and the abuse of the discovery process, the Court found that it was appropriate to sanction Mr. Darmer and Mr. Beckmann because their conduct caused State Farm to incur significant unnecessary expense. The Court ordered State Farm to file a petition for attorney's fees incurred: (1) in having to repeat depositions of Mr. Brown and Chris Kosek[2]; and (2) in connection with bringing its motion for sanctions. [*Id.* at 13, 15 ¶ 2.] State Farm filed its petition for attorney's fees on November 11, 2019, Mr. Darmer responded a week later, and State Farm filed a reply. [ECF Nos. 322, 328, 330.]

State Farm seeks substantially less than the full amount of fees it could have submitted in light of this Court's previous rulings. In support of State Farm's fee petition, defense counsel Scott Williams indicates that his firm issued no charge to State Farm for certain time entries, particularly those attributable to support staff, and State Farm does not seek recovery of those fees. [Twelfth Williams Aff. ¶ 4, ECF No. 325.] Mr. Williams also provided an itemized statement showing the total fees that State Farm incurred in creating the record for and in filing the motion for sanctions and the second Brown and Kosek depositions, and the petition seeks still less in reimbursement than that total figure. [*Id.* ¶ 5, Ex. A.] Instead of seeking the total amount, State Farm limits its request to fees incurred "purely in drafting the Motion for Sanctions, the supporting materials, and in direct connection with taking the second depositions of Mr. Brown and Mr. Kosek." State Farm's itemized statement for the fees requested also does not include "time spent communicating with Mr. Darmer's counsel about discovery-related issues and all of the other time that was incurred on tasks which served as the foundation for the Motion for Sanctions, but which were not directly related to the actual drafting and preparation of the brief…." [*Id.* ¶ 6, Ex. B.]

---

[2] Mr. Kosek is a representative of Ultimate Restoration, Inc., the company with which Mr. Darmer entered an Original Repair Contract for his home and the undisclosed amended contracts. [*See* ECF No. 327 at 2.]

3

Mr. Williams shows that his hourly rate for this matter is $250, and his associate Lehoan Pham's is $230. [*Id.* ¶¶ 7–8.] State Farm has also submitted the court reporter's invoices for the second depositions of Mr. Kosek and Mr. Brown. [*Id.* ¶ 10, Ex. C.]

## II.   Legal Standard

The determination of an attorney's fee award is committed to the district court's discretion, which must consider the unique facts of each case. *In re RFC*, 399 F. Supp. 3d 827, 841 (D. Minn. 2019). Courts determine whether an award of attorney's fees is appropriate by multiplying the number of hours reasonably spent on the matters in question by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Murphy v. Aurora Loan Servs., LLC*, 859 F. Supp. 2d 1016, 1023 (D. Minn. 2012), *aff'd and remanded*, 518 F. App'x 511 (8th Cir. 2013). The party seeking fees bears the burden of establishing the hours expended and the rate claimed. *Ewald v. Royal Norwegian Embassy*, Civil No. 11–CV–2116 (SRN/SER), 2015 W 1746375, at *4 (D. Minn. Apr. 13, 2015). "Generally, to determine whether an hourly rate is reasonable, courts look at the rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *In re RFC*, 399 F. Supp. 3d at 846 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Courts may consider their own "experience and knowledge of prevailing market rates" in making this determination. *Id.* (quoting *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005)). "The essential goal in shifting fees … is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## III.   Discussion

State Farm argues that its petition should be granted because the rates claimed by its attorneys are reasonable and it seeks reimbursement for a reduced and reasonable number of attorney hours in connection with the tasks for which the Court determined fees should be awarded. Mr. Darmer takes issue with the reasonableness of the hours claimed. For the following reasons, the Court finds Mr. Darmer's objections unpersuasive and concludes that State Farm is entitled to reimbursement of the fees requested in their petition.

*Hourly Rates*

First, the Court notes that there is no dispute as to the reasonableness of the hourly rates claimed for the work performed by Mr. Williams or Mr. Phan. The Court notes that their requested hourly rates are lower than the rates Mr. Beckmann claimed he and his associate attorney should be reimbursed in connection with an earlier unsuccessful motion for sanctions. [ECF No. 178.] Moreover, Mr. Williams's and Mr. Phan's rates are consistent with hourly rates in the relevant legal community for similar cases, based on the Court's own knowledge and experience. For these reasons, the Court finds that the hourly rates of $250 per hour for Mr. Williams and $230 per hour for Mr. Phan's work are reasonable.

*Hours Expended*

Second, the Court finds that the attorney hours for which State Farm seeks reimbursement are reasonable. State Farm seeks reimbursement for 65 hours of attorney time in connection with drafting and supporting the motion for sanctions. [Twelfth Williams Aff., Ex. B at 1–6.] The motion for sanctions was supported by a memorandum setting forth a lengthy factual recitation that laid the groundwork for State Farm's requested relief. The memorandum appropriately included numerous citations to the voluminous factual record State Farm submitted to substantiate its factual assertions. It also included a well-researched discussion of the governing law and appropriate argument. Given the seriousness of the allegations levied against Mr. Darmer and Mr. Beckmann as and the complexity of the relevant factual landscape, the Court finds it was reasonable for the attorneys to spend a total of 65 hours preparing, editing, and revising State Farm's memorandum of law.

Mr. Darmer's arguments to the contrary are unpersuasive. [Pl.'s Resp., ECF No. 328.] Though the Court finds it unnecessary to address all of Mr. Darmer's objections to State Farm's fee petition, it considers some of them here. Specifically, the Court rejects Mr. Darmer's suggestion that State Farm's counsel focused too heavily on the merits of its affirmative defenses in its motion for sanctions. [*See* Pl.'s Resp. at 1, 2–5.] This argument inappropriately downplays the seriousness of Mr. Darmer's discovery misconduct, ignoring that he failed to disclose critical documents that were inconsistent

5

with his theory of the case and that State Farm only learned of their existence by using other tools at its disposal (namely, third-party discovery). Mr. Darmer's suggestion that no discussion regarding the merits of his claims was warranted in the motion for sanctions fails to acknowledge the relevance and importance of that discussion. Specifically, State Farm persuasively demonstrated a motivation the plaintiff would have to conceal the existence of the Brown/Darmer emails and the amended contract documents he had failed to disclose. The Court rejects any suggestion that State Farm delved too deeply into arguments that were unnecessary to its position.

The Court also rejects Mr. Darmer's arguments that State Farm's fee petition seeks double recovery. He suggests that State Farm inappropriately requests fees for attending an oral argument despite having received a fee-shifting award related to Mr. Darmer's motion to compel. [Pl.'s Resp. at 1–2.] In addition, Mr. Darmer asserts that State Farm improperly seeks to recover twice for work performed in compiling the record attached the Mr. Williams's Sixth Affidavit, which accompanied the motion for sanctions, but was also used in responding to Mr. Darmer's motion to compel. [*Id.* at 2.] State Farm does not seek recovery for appearing at or attending any hearing in connection with its fee petition. The portion of State Farm's supporting time records cited in Mr. Darmer's response refers to the total fees State Farm incurred, not the fees for which it is actually seeking recovery. And Mr. Darmer has not shown that State Farm has already been awarded reimbursement for preparation of the Sixth Williams Affidavit [ECF No. 237] and the exhibits attached thereto. The Order shifting fees on Mr. Darmer's motion to compel [ECF No. 319] does not cite the Sixth Williams Affidavit, and the Eighth Williams Affidavit [ECF No. 271], which set forth State Farm's request for shifting of fees, did not seek such recovery.

State Farm also seeks reimbursement of 14.1 hours of attorney time in connection with the second depositions of Mr. Brown and Mr. Kosek. As discussed in the October 28th Order and R&R, these depositions needed to be repeated because State Farm deserved the opportunity to depose Mr. Brown and Mr. Kosek regarding the documents that Mr. Darmer had failed to properly disclose during discovery. The previous depositions were rendered incomplete and inaccurate in many respects because State Farm had been deprived of those critical documents the first time around. Although

Mr. Darmer argues that State Farm should not be reimbursed for these additional depositions because they involved questions on topics not specifically limited to the undisclosed documents [Pl.'s Resp. at 7–8], the Court disagrees. Each of these depositions lasted 2.3 hours, and it was reasonable for State Farm to seek reimbursement of that time, the time its attorneys' spent preparing for those depositions, and limited travel time associated with the depositions.

### *Court Reporter Invoices*

State Farm seeks reimbursement of $1000.80 in court reporter costs in connection with the second depositions of Mr. Brown and Mr. Kosek. [Twelfth Williams Aff., Ex. C.] Mr. Darmer raises no objection this request. [Pl.'s Resp., *passim*.] The Court concludes that these court reporter costs are reasonable and should be awarded.

## IV. Recommendation

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT** Steven Darmer, Edward Beckmann, or both, be required to pay State Farm $19,515.80 in attorney's fees and costs as a sanction for the failure to comply with a discovery order pursuant to Rule 37(b)(2) and for abuse of the discovery process pursuant to the Court's inherent powers, consistent with this Court's findings in the October 28, 2019 Order and Report and Recommendation.

Date: February 24, 2020

                                             *s/Katherine Menendez*
                                             Katherine Menendez
                                             United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14

days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.