**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| STEVEN DARMER, | Civil No. 17-4309 (JRT/KMM) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS AND AFFIRMING SANCTIONS ORDER** |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

Edward E. Beckmann, **BECKMANN LAW FIRM, LLC**, 3800 American Boulevard West, Suite 1500, Bloomington, Minnesota 55431, for petitioner.

Lehoan T. Pham, Michelle D. Christensen, and Scott G. Williams, **HKM LAW GROUP**, 30 East Seventh Street, Suite 3200, Saint Paul, MN 55101, for defendant.

Plaintiff Steven Darmer's residence was badly damaged by fire in November 2016. Darmer filed a claim with his insurer, Defendant State Farm Fire and Casualty Company ("State Farm"). Darmer alleges that State Farm breached its obligations and failed to pay the full benefits he was due.

State Farm sought sanctions, alleging that Darmer has abused the discovery process, improperly withheld documents, and violated the Court's Order compelling certain discovery. Magistrate Judge Katherine M. Menendez issued an Order (the "Sanctions Order") granting State Farm's motion in part, and awarding attorney's fees as

a sanction. She also issued a Report and Recommendation ("R&R") to the Court recommending that State Farm be permitted to conduct cross-examination on Darmer's failure to produce certain documents, and other discovery inconsistencies. Because the Magistrate Judge's Sanctions Order finding Darmer's[1] ongoing discovery misconduct sanctionable and awarding attorney's fees was not clearly erroneous or contrary to law, the Court overrules Darmer's Objections and affirms the Sanctions Order. Because allowing State Farm to cross-examine Darmer as to his discovery misconduct is a reasonable sanction given Darmer's bad faith withholding of key documents, the Court overrules Darmer's Objections and adopts the R&R.

## BACKGROUND[2]

Darmer engaged a contractor to make repairs to his home after the 2016 fire. (Sixth Aff. Of Scott G. Williams ("6th Williams Aff.") ¶ 5, Ex. 3, June 4, 2019, Docket No. 237.) Darmer entered into two contracts on the same day with the same contractor. (*Id.* ¶ 8, Ex. 6.) The first contract estimated repairs would cost approximately $920,000 (the "Original Repair Contract"). (*Id.* ¶5, Ex. 3. The amended contract estimated repairs would cost Darmer $520,000 (the "Amended Repair Contract"). (*Id.* ¶ 8, Ex. 6.)

---

[1] The Sanctions Order imposed sanctions on both Plaintiff Steven Darmer and his counsel. For the purposes of this opinion, "Darmer" refers to both Plaintiff and his counsel.

[2] The record in this case is lengthy, and this Order sets out only the basic facts relevant to the Order. The Magistrate Judge's Sanctions Order and R&R sets out a comprehensive recitation of Darmer's discovery actions and other facts relevant to State Farm's Motion for Sanctions. While the parties differ as to the significance and relevance of the facts, there is no dispute as to their substance, and the Court adopts the facts set out in the Sanctions Order.

In October 2018, the Magistrate Judge issued an Order ("the Discovery Order") finding that Darmer's initial productions were an unusable data dump and ordering Darmer to reasonably review his documents for relevance and responsiveness, organize the documents, and reproduce the production. (Discovery Order at 3, Oct. 5, 2018, Docket No. 218.) Darmer made a revised production of documents on November 20, 2018. (Sixth Aff. Of Scott G. Williams ("6th Williams Aff.") ¶ 3, June 4, 2019, Docket No. 237.) However, while Darmer's revised production included the Original Repair Contract, Darmer failed to produce or even disclose the Amended Repair Contract. State Farm only discovered the existence of the Amended Repair Contract at the deposition of Darmer's contractor. (*Id.* ¶ 8, Ex. 4.) State Farm had to re-depose Darmer's contractor and public adjustor as a result of Darmer's failure to produce this document. (*Id.* Ex. 11.)

Nor did Darmer's revised production contain any of the twelve emails between Darmer and his public adjustor, Mr. Brown, some of which are damaging to his case. (Letter from Beckmann, Aug. 1, 2019, Docket No 316.) Darmer's explanation as to why these emails are missing from the revised production has varied, including that they were "trashed by mistake" (6th Williams Aff. ¶ 22, Ex. 20), that Darmer had not had access to the emails until he requested them from the contractor (*id.* ¶ 27, Ex. 25), that he had previously produced some, but not all, of these emails in his earlier unusable data dump production (*Id.* ¶ 57, Ex 55) and that he did produce the emails because Brown's production should be counted as his own. (*Id.* ¶ 28, Ex. 26).

State Farm moved for Sanctions, arguing that Darmer had abused the discovery process. (State Farm's Mot. for Sanctions, June 3, 2019, Docket No. 233.) Magistrate Judge Menendez issued an Order (the "Sanctions Order") granting State Farm's Motion in part and awarding attorney's fees as a sanction. (Sanctions Order, Oct. 28, 2019, Docket No. 321.) She also issued an R&R recommending that State Farm be permitted to conduct cross-examination about Darmer's failure to produce certain documents, and other discovery inconsistencies. (R&R, Oct. 28, 2019, Docket No. 327.) Darmer objected (Objections, Nov. 11, 2019, Docket No. 326) and State Farm responded in support of the Sanctions Order and R&R. (Response, Nov. 25, 209, Docket No. 329).

## ANALYSIS

**I.      STANDARD OF REVIEW**

A party may file "specific written objections" to a Magistrate Judge's order or R&R. Fed. R. Civ. P. 72; *accord* D. Minn. LR 72.2. The party should specify the portion of the order or R&R to which he or she objects, and describe the basis for the objections. *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

The Court reviews de novo any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error. *Olson v. Tufton*, No. CV 16-74 (JRT/LIB), 2016 WL 4179870, at *1 (D. Minn. Aug. 8, 2016), *aff'd*, No. 16-3678, 2017 WL 4317156 (8th Cir. Jan. 5, 2017).

"A district court's review of a magistrate judge's order on nondispositive matters is 'extremely deferential.'" *4Brava, LLC v. Sachs*, No. CV 15-2743 (JRT/DTS), 2018 WL 2254568, at *1 (D. Minn. May 17, 2018) (quoting *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007)). The Court will reverse such a decision only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). For a decision to be clearly erroneous, the Court must have a "definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

## II. SANCTIONS

Fed. R. Civ. P 37 permits the imposition of sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The Court may consider various sanctions, including:

> i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> iii. striking pleadings in whole or in part;
> iv. staying further proceedings until the order is obeyed;
> v. dismissing the action or proceeding in whole or in part;
> vi. rendering a default judgment against the disobedient party; or
> vii. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* Rule 37 similarly provides for sanctions where a party fails to provide information as required by Rule 26(a) or (e), even without a court order. Fed. R. Civ. P. 37(c)(1).

Courts also possess inherent authority to impose discovery sanctions, which may be imposed "[e]ven in the absence of a discovery order." *In re Polaroid Corp.*, No. BR 08-46617, 2017 WL 1183983, at *7 (D. Minn. Mar. 29, 2017) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002). This authority "is a broad and powerful tool" that "should be used sparingly," and "courts first should turn to specific rules tailored for the situation at hand, such as Rule 37, to justify sanctions. Then, as an alternative basis for support or in circumstances where specific rules are insufficient, *i.e.*, when there is a need, it may be appropriate to invoke their inherent authority." *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co*, 559 F.3d 888, 900 (8th Cir. 2009) (cleaned up).

Sanctions should not be lightly imposed, but are important tools to "penalize those whose conduct may be deemed to warrant such a sanction" as well as "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Universal Cooperatives, Inc. v. Tribal Co-op. Mktg. Dev. Fed'n of India, Ltd.*, 45 F.3d 1194, 1196 (8th Cir. 1995) (cleaned up) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

## III. DARMER'S OBJECTIONS

It appears that Darmer objects both to the Magistrate Judge's Order finding that sanctions are warranted at all, as well as to the nature of the particular sanctions in the Order and R&R.

### A. Order That Sanctions Are Warranted

Darmer objects to the Magistrate Judge's Order granting in part State Farm's Motion for Sanctions. Essentially, Darmer argues that the Magistrate Judge erred in granting sanctions because (1) he did not actually violate Rule 34; (2) his violation of the Court's order compelling discovery was accidental; and (3) his agents' delays and omissions were also accidental. Darmer's arguments echo those presented to, and rejected by, the Magistrate Judge. The Court will review the award of sanctions for clear error.

In the Sanctions Order, the Magistrate Judge found that Darmer violated the Discovery Order by omitting the twelve Brown/Darmer emails and the Amended Repair Contract from the November 2018 Production. Specifically, the Sanctions Order notes that if Darmer had reviewed the original productions for responsiveness, he would have found that three of the Brown/Darmer emails and the Amended Repair Contract were missing. Additionally, if Darmer had removed only irrelevant information, he would not have removed the nine other Darmer/Brown emails.

The Magistrate Judge additionally found that Darmer's failure to disclose the Amended Repair Contract until after State Farm discovered it at a deposition to be in bad faith. The Magistrate Judge considered Darmer's excuses about mistake and technological issues, but found that given the importance and relevance of the document, the fact of Darmer's control over his agent, and Darmer's multiple opportunities to have disclosed the existence of the Amended Repair Contract and/or produced the document

himself, his continued failure to do so constituted bad faith. Similarly, the Magistrate Judge found that Darmer's exclusion of the Brown/Darmer emails from the November 2018 Production was in bad faith. Darmer demonstrated that he had possessed at least nine of the relevant emails by including them in the improper and unusable "data dump" initial productions. The Magistrate Judge considered and rejected Darmer's arguments about Mr. Darmer's technical difficulties as well as Darmer's contention that Brown's production should be counted as his own. Instead, the Court found that Darmer's counsel had a responsibility to exercise oversight over the production and that Darmer provided no rationale for why these emails were missing from the production.

While Darmer repeats his arguments about mistake and technical issues, he fails to demonstrate that the Magistrate Judge's finding that sanctions were warranted was clearly erroneous or contrary to law. To the contrary, such a finding is appropriate given the ongoing discovery misconduct, especially after the Court's order and warnings to improve. Accordingly, the Court will overrule Darmer's Objections and Affirm the Sanctions Order.

### B. Order to Pay for Deposition and Motion Costs and Fees

Darmer objects to the Magistrate Judge's award of monetary sanctions, and the Court will review for clear error. Fundamentally, Darmer argues that the discovery irregularities were all mistakes or should otherwise be excused or alternatively that a correction short of monetary sanctions is warranted. First, the Court notes that the 2018 Discovery Order was precisely such a correction. Second, as discussed above, the

Magistrate Judge's finding that sanctions were warranted is not clearly erroneous or contrary to law.

Darmer does not dispute that the need for additional depositions was caused by the lack of key documents.  Given the violations of the Discovery order and Darmer's bad faith conduct, cost-shifting for these depositions and for the Sanctions Motion is also not clearly erroneous or contrary to law.  Accordingly, the Court will overrule Darmer's Objections and Affirm the Sanctions Order.

### C.  R&R Recommending Cross-Examination on Discovery Misconduct

Finding that Darmer had committed discovery misconduct warranting sanctions, the Magistrate Judge considered several sanctions options, including (1) giving an adverse inference instruction to the jury; (2) ordering a forensic examination of Darmer's computers; and (3) striking certain paragraphs of Darmer's complaint.  However, because State Farm was able to recover these documents from third parties, the Magistrate Judge found that such sanctions would be too harsh.  Instead, The Magistrate Judge recommended that:

> State Farm be permitted to conduct cross-examination regarding (a) Mr. Darmer's failure during the discovery process to produce the Amendment to Contract and the Amended Repair Estimate; and (b) his failure to produce initially all the Brown/Darmer emails, the October Order's requirements, and his subsequent removal of all Brown/Darmer emails from his supplemental November 2018 production.

Sanctions Order at 15.

Darmer objects to this portion of the R&R, arguing that the sanction would require complex and unnecessary additional testimony, and that the sanction is prejudicial. The Court will review these objections de novo.

First, Darmer suggests that by allowing State Farm to cross-examine Darmer about his discovery misconduct, the Court would also need to allow significant testimony about Rule 34 and the nature of litigation discovery practices, and that such additional testimony would be too complex and unnecessary. Darmer envisions significant testimony about the nature of e-discovery, the Federal Rules of Civil Procedure, and general standards of document production. Darmer's headers illustrate his argument – "The Jury Should Not Weigh Darmer's Compliance With Rule 34" and "The Jury Should Not Weigh Darmer's Organization of Documents."

Darmer is mistaken about the nature of the Magistrate Judge's Recommendation. It will not be for the jury to weigh Darmer's compliance with the Federal Rules or indeed *whether* he committed discovery misconduct. The Court has already made such a determination. Instead, the Magistrate Judge recommended that in lieu of an adverse inference or other sanction, State Farm be permitted to cross-examine Darmer about the failure to produce the Amended Repair Contract and the damaging Brown/Darmer emails, and to allow the jury draw whatever inferences it chooses. Darmer will have the opportunity to rehabilitate, and the jury members can give Darmer's discovery actions the weight they deem appropriate. However, the question of whether Darmer failed to comply with a discovery order has been clearly answered by the Court.

Darmer also argues that allowing such cross-examination would be irrelevant and prejudicial because the standards for document production under Rule 34 differ from the requirements of the cooperation clause in the Policy. Darmer may be correct in suggesting that the cooperation clause and Rule 34 have differing requirements – the Court does not take a position. Regardless of the requirements of the cooperation clause, however, Darmer's failure to disclose the responsive and damaging documents is relevant on its own. Darmer's discovery misconduct supports State Farm's theory that Darmer has been less than forthright in dealing with the insurer. As such, the nature and specifics of Darmer's discovery misconduct are unquestionably relevant. To Darmer's assertion that such testimony would be harmful to his case, he is likely correct. Such is the nature of a sanction. However, to the extent that Darmer argues that the cross-examination sanction is unfairly prejudicial, the Court disagrees. The Magistrate Judge considered several harsher sanctions options, including requiring the jury to infer certain misconduct. Given Darmer's ongoing discovery misconduct and the bad faith nature of the production omissions, such a sanction is warranted and is not overly prejudicial. Accordingly, the Court will overrule Darmer's Objections and Adopt the R&R.

**CONCLUSION**

Because the Magistrate Judge's finding that sanctions were warranted and her award of attorney's fees for the additional work necessitated by Darmer's discovery misconduct were not clearly erroneous or contrary to law, the Court overrules Darmer's Objections and affirms the Sanctions Order. Because allowing State Farm to cross-

examine Darmer as to his discovery misconduct is a reasonable sanction given Darmer's bad faith withholding of key documents, the Court overrules Darmer's Objections and adopts the R&R.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **OVERRULES** Darmer's Objections [Docket No. 326] to the Magistrate Judge's Order Granting in Part State Farm's Motion for Sanctions [Docket No. 321]

2. The Court **OVERRULES** Darmer's Objections [Docket No. 326] to the Magistrate Judge's R&R and **ADOPTS** the Report and Recommendation [Docket No. 327].


DATED: April 6, 2020　　　　　　　　　　　　　　　　 _____
at Minneapolis, Minnesota.　　　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court