UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN DARMER,

                                                                                                                        Civil No. 17-4309 (JRT/LIB)

                       Plaintiff,

v.

                                                                                                   **ORDER ON MOTIONS**

STATE FARM FIRE AND CASUALTY                                  **IN LIMINE**
COMPANY,

                     Defendant.

Anthony Gabor, **GRIES LENHARDT ALLEN, P.L.L.P.**, 12725 Forty-Third Street Northeast, Suite 201, Saint Michael, MN 55337, for plaintiff.

Lehoan T. Pham, Michelle D. Christensen, and Scott G. Williams, **HKM LAW GROUP**, 30 East Seventh Street, Suite 3200, Saint Paul, MN 55101, for defendant.

Plaintiff Steven Darmer brought this action against his insurer, Defendant State Farm Fire and Casualty Company ("State Farm"), for breach of contract. Although a trial date has yet to be scheduled, this Order addresses the parties' motions in limine.

## BACKGROUND

Darmer's residence was damaged by fire in November 2016. Darmer subsequently filed a claim with State Farm pursuant to the parties' insurance contract. Darmer now alleges that State Farm breached its contractual obligations by failing to pay the full benefits he was due. State Farm asserts that Darmer intended to defraud it throughout the claim process by misrepresenting both the rebuild cost of his residence and the value

of his personal property. State Farm also asserts that Darmer's failure to materially cooperate has prejudiced its handling of his claim.

## I. MOTIONS RULED ON FROM THE BENCH

The parties argued their motions before the Court at a hearing on February 28, 2022, and the Court partially ruled from the bench as summarized below.

### a. Darmer's Motion in Limine

Darmer filed a single motion asking the Court to preclude State Farm from seeking reimbursement of funds paid to him in the event a jury finds that he intended to defraud State Farm because State Farm never amended its pleadings to assert a counterclaim. State Farm concedes that it has not filed a counterclaim and states that it does not intend to present any evidence of its right to reimbursement because it can amend its pleadings after trial to assert the required counterclaim. *See* Fed. R. Civ. P. 15(b)(2).

Because State Farm is correct that it can amend its pleadings after trial, and to avoid the potentially unjust result Darmer seeks, the Court denied Darmer's motion to prohibit State Farm from seeking reimbursement.

### b. State Farm's First and Second Motions in Limine

State Farm's first motion asked the Court to exclude certain categories of evidence that it considers to be irrelevant under Rule 402. State Farm's second motion asked the Court to exclude the same categories of evidence under Rule 403 because any probative value would be substantially outweighed by a danger of unfair prejudice, confusing the

issues, or misleading the jury. Specifically, State Farm asked the Court to preclude Darmer from offering statements and evidence related to: (1) Darmer's previously dismissed claims; (2) Darmer's mental health; (3) State Farm's alleged failure to pay under Coverage A; (4) Darmer being underinsured; (5) State Farm's corporate structure, profitability, or financial condition; (6) Additional Living Expenses ("ALE") not incurred by Darmer; and (7) punitive words relevant to a bad-faith claim. (Def.'s Mem. Supp. Mot. Limine at 2–9, Jan. 10, 2022, Docket No. 369.)

At the hearing, the Court granted State Farm's motions as to Darmer's previously dismissed claims, Darmer's mental health, and Darmer being underinsured.

The Court partially granted State Farm's motions as to its corporate structure, profitability, and financial condition, but allowed Darmer to inquire about the relevant job title and responsibilities of State Farm employees who will be witnesses at trial.

The Court denied State Farm's motions as to punitive words but instructed counsel for State Farm that they may object at trial if they feel unfairly prejudicial words have been used.

Lastly, the Court left the issues of the alleged failure to pay under Coverage A and Darmer's unincurred ALE for resolution in this Order.

### c. State Farm's Third Motion in Limine

State Farm's third motion asked the Court to bar Darmer from using the "Golden Rule." *See Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) ("A Golden

3

Rule argument asks the jury to place itself in the defendant's position. Such an argument is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." (citations and quotation omitted)).

Due to the Eight Circuit's prohibition of arguments pursuant to the Golden Rule, the Court granted State Farm's motion.

### d. State Farm's Fourth Motion in Limine

State Farm's fourth and final motion asked the Court to permit references to Darmer's previous discovery misconduct in opening and closing statements, references to the sanctions imposed by the Court, and to permit cross examination of both Darmer and his former attorney regarding the misconduct.

The Court partially granted State Farm's motion and will allow (1) references to be made in closing statements, if Darmer's misconduct comes up at trial; (2) references to the fact that Darmer was sanctioned; and (3) will permit cross examination of both Darmer and his former attorney.[1] The Court also partially denied State Farm's motion and will neither permit references to Darmer's misconduct in opening statements nor references to the exact dollar amount of the monetary sanction imposed on Darmer for his misconduct.

---

[1] At the hearing, the Court further determined that State Farm will not be prohibited from cross-examining Darmer or his attorney about the twelve emails exchanged between Darmer and Troy Brown, Darmer's Public Adjuster, that were the epicenter of Darmer's discovery misconduct.

4

## II. UNDECIDED ISSUES IN STATE FARM'S MOTIONS

Two issues remain and require the Court's attention: (1) whether Darmer should be prohibited from introducing statements and evidence related to Coverage A of his insurance contract with State Farm and (2) whether Darmer should be prohibited from mentioning the estimated ALE he did not actually incur.

### a. Exclusion of Coverage A

State Farm seeks to exclude any statements or evidence that relate to an alleged failure to pay under Coverage A. The parties do not dispute that State Farm has fully paid the policy limit under Coverage A. (Pl.'s Mem. Opp. Def.'s Mot. Limine at 8, Jan. 18, 2022, Docket No. 390; Def.'s Mem. Supp. Mot. Limine at 3.) Accordingly, State Farm argues that any evidence or statements would both be irrelevant and potentially confusing to a jury. While Darmer concedes that State Farm has fully paid the policy limits, he alleges that State Farm did not pay within five days as contemplated by the policy and instead paid the limits in September of 2017 when Darmer provided State Farm with a signed repair contract. Because of the delay, Darmer argues he is entitled to present evidence establishing that he is owed statutory interest. The issue before the Court is therefore whether State Farm was obligated to pay the full policy amount in May or whether it was justified in its alleged delay.

Darmer misconstrues the payment requirements under Coverage A and his arguments for statutory interest are incorrect. Darmer appears to argue that his

5

Replacement Cost Value ("RCV") was owed in May and that State Farm's payout in September violated its obligations under Coverage A.  However, the loss settlement section applicable to Coverage A plainly states State Farm is not obligated to pay for Darmer's RCV "until actual repair or replacement is completed." (Decl. of Edward E. Beckmann Supp. Mot. Amend., Ex. B. at 33, Aug. 3, 2018, Docket No. 68.) Despite its obligation to pay only when work was completed, State Farm agreed to pay Darmer's if he presented them with a signed and valid contract for the replacement work. (Decl. of Troy D. Brown Supp. Mot. Compel ("Brown Decl."), Ex. M at 79, November 16, 2017, Docket No. 14-4.) As the parties agree, State Farm remitted the remainder of the policy limit for Coverage A in September of 2017 after receiving Darmer's signed contract.

In sum, there is currently no dispute that the policy limit in Coverage A has already been paid and Darmer's only argument is based on a misunderstanding of State Farm's obligation to pay, and Darmer's right to be paid, under the policy.  Statements and evidence related to payment under Coverage A are therefore irrelevant and would confuse a jury and the Court will grant State Farm's motions as to the issue.

### b. Exclusion of Unincurred Alternative Living Expenses

The last issue for the Court to decide is State Farm's request to exclude evidence and statements of ALE that Darmer did not actually incur.

Under Coverage C of the parties' insurance contract, State Farm is obligated to pay only for necessary increases that an insured incurs to maintain their standard of living.

(Brown Decl., Ex. N at 89.).  Despite the contract's language, Darmer contends that the contract is ambiguous because the declaration page uses the phrasing "Actual Loss Sustained" to define the policy limit while the policy language itself uses the phrase "cost you incur."  (*Id*. at 86, 89.)  According to Darmer, this means that he should be able to provide evidence of his "actual loss" even if the loss was not incurred.  More specifically, Darmer argues that although he did not incur any expenses to rent space and equipment required to replace the workshop he lost in the fire, he should be allowed to present evidence of what the costs would have been because he actually suffered loss of use of the workshop.

The Court does not agree with Darmer that the insurance contract language is ambiguous.  Although Darmer is correct that the declaration page lists the policy limit as "Actual Loss Sustained," the language relevant to State Farm's ALE obligations clearly states that it will only be liable for necessary increases in costs that Darmer actually incurs.  Because State Farm was only obligated to pay Darmer for ALE that he incurred, evidence or statements regarding Darmer's unincurred costs are irrelevant and would confuse the jury and the Court with grant State Farm's motions as to this issue.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Darmer's Motion in Limine [Docket No. 393] is **DENIED**.

2. State Farm's Motions in Limine Nos. 1 and 2 [Docket No. 367] are **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. State Farm's Motions in Limine Nos. 1 and 2 are **GRANTED IN FULL** as to evidence or statements about Darmer's previously dismissed claims, his mental health status, Darmer being underinsured, any alleged failure by State Farm to pay under Coverage A, and Darmer's unincurred Alternative Living Expenses;

   b. State Farm's Motions in Limine Nos. 1 and 2 are **GRANTED IN PART** as to evidence or statements about State Farm's corporate structure, profitability, and financial condition, but Darmer is not prohibited from inquiring about the relevant job title and responsibilities of State Farm employees who will be witnesses at trial; and

   c. State Farm's Motions in Limine Nos. 1 and 2 are **DENIED** as to statements using punitive words;

3. State Farm's Motion in Limine No. 3 [Docket No. 367] is **GRANTED**; and

4. State Farm's Motion in Limine No. 4 [Docket No. 367] is **GRANTED.**

DATED: March 11, 2022　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　　　　 JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　 Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　　 United States District Court